David PLEASON, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11373.

United States Court of Appeals Seventh Circuit.

Nov. 2, 1955.

Rehearing Denied Nov. 25, 1955.

Maurice J. Walsh, Chicago, Ill., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Joseph F. Goetten, Atty., U. S. Dept. of

Justice, Washington, D. C., Ellis N. Slack, Sp. Assts. to the Atty. Gen., for respondent.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

▮ Petitioner, sometimes spoken of herein as taxpayer, seeks to set aside the decision of the Tax Court of the United States establishing certain deficiencies in income and victory taxes for the year 1943, in income tax for the year 1944 and penalties for those years. The findings of fact and the opinion of the court are reported in 22 T.C. 361. Inasmuch as it is the function of the trial court to weigh the evidence, draw inferences and declare the result, Matthiessen v. Commissioner, 2 Cir., 194 F.2d 659; Burford-Toothaker Tractor Co. v. Commissioner, 5 Cir., 192 F.2d 633, certiorari denied 343 U.S. 941, 72 S.Ct. 1033, 96 L.Ed. 1347, our only function is to determine whether the findings are clearly erroneous, that is whether upon the whole record, there is substantial evidence to support them and whether the court erred as to the law. Inasmuch as the findings have been fully reported, we shall not repeat them. However, we have scrupulously examined the record, and are convinced that they are amply supported by the evidence and that the inferences drawn by the Tax Court are entirely reasonable.

The Tax Court found that the business of the Royal Distillers Products was conducted solely by the taxpayer. He was admittedly its sole proprietor prior to its alleged oral assignment to his daughter Anne. It found also that, after the purported exchange, the business continued to be conducted by the taxpayer and his employees in substantially the same manner as previously. All this appears fully from the reported opinion of the Tax Court, which concluded that the income for the years 1943 and 1944, though the company was purportedly conducted by Anne, was really that of the taxpayer; that, inasmuch as he was the sole proprietor and his daughter merely a figurehead, the income for those years should have been reported by him, and that, therefore, the deficiencies levied because the income was not so reported were proper.

▮ A taxpayer cannot avoid income taxes by assigning his property to others if he reserves such control over the property or business transferred or the receipt of income produced therefrom as to make it reasonable to treat him as the owner or recipient of the income for tax purposes. Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Stanton v. Commissioner, 7 Cir., 189 F.2d 297. Nor will a transfer of income which has been earned or which will be earned by the services of the assignor be effective to relieve him of tax liability. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81. Inasmuch as the evidence fully justifies the Tax Court's finding that the business remained that of the taxpayer, the income earned therein was his. Indeed, we do not understand that the taxpayer seriously contends otherwise. Consequently, there is no escape from the decision that petitioner should have accounted for the income from the business in the two years in question.

The Commissioner had made a determination that income for the year of 1943 in the amount of $174,063.65, and for the year 1944 of $7,706.75 had not been reported and that these amounts should be included in the deficiencies for those two years. The two sums reflected the Commissioner's calculation of income from over-ceiling prices of liquor sold by the taxpayer in those years. The latter claimed that their profits should be reduced by the black market costs which he had been compelled to pay to parties from whom he purchased. The taxpayer kept no records showing what

his over-ceiling profits were and none showing what he had paid out in over-ceiling cost prices. His suppliers denied receiving over-ceiling prices. Quite naturally, the Tax Court encountered difficulty in getting at the truth. By examining all of the evidence and exercising its own judgment, it came to the conclusion that the Commissioner's determination of deficiencies was excessive, and that for the year 1943 the amount of unreported income was $50,000, and that for the year 1944 $5,000.

■ Petitioner claims that these figures reflect mere speculation. But the court had before it all of the circumstances surrounding the transactions, and the evidence was, we think, entirely sufficient to justify the determination. The case lies within the rule of Cohan v. Commissioner, 2 Cir., 39 F.2d 540, where at pages 543 and 544 the court, in discussing the uncertainty of expenses to be allowed the taxpayer, said: "Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. * * * It is not fatal that the result will inevitably be speculative; many important decisions must be such." So here, the court had to make the best estimate it could from the evidence at hand and gave petitioner the benefit of the doubt as to the difference between over $185,-000 and $55,000. We cannot say that this was erroneous.

■ It should be observed further in this connection, moreover, that when the Commissioner made a determination of deficiencies which was attacked by the taxpayer, the burden was upon the latter to overcome the determination. In this he failed completely, for he offered no evidence other than his own vague testimony to overcome it. That testimony was merely that he had paid out over-ceiling prices, the number and amount of which he was wholly unable to supply. There was complete failure on his part, therefore, to meet the preponderance of evidence required of him in this respect. In that situation, the Tax Court had the right to refuse any deduction. However, it evidently believed it only fair to strike out some 70% of the deficiency levied by the Commissioner. The taxpayer can have no complaint in this respect.

■ The Tax Court, in considering the question of fraud, said: "As to the fraud issue, the burden was on the respondent. We think he sustained his burden. In each of the years 1943 and 1944 petitioner received cash in excess of the invoice prices on sales of Royal, and paid part of this excess to those from whom whiskey was purchased. His daughter, Anne, knew nothing about these receipts and disbursements and did not report them in her returns. The petitioner who knew about them and the profit which resulted therefrom failed to report the profit realized by him in his income tax returns for 1943 and 1944. His failure to report this profit in such returns is clear and convincing evidence of his fraudulent purpose. We have, therefore, found as a fact that a part of the deficiency for each of the years 1943 and 1944 is due to fraud with intent to evade tax. Moreover, it has clearly been shown that the attempt to ascribe Royal's profits to Anne Davis was a sham, and it is plain that petitioner's failure to report such profits was deliberate and fraudulent." The evidence amply supports the conclusion that the transfer, the operation, the realization of income by the taxpayer and all the other circumstances presented convincingly proved a fraudulent attempt to evade income taxes. Indeed, the taxpayer pleaded guilty to an indictment charging just such an offense.

■ Petitioner complains that to collect additional taxes from him upon the income of the liquor business results in double taxation of that income, inasmuch as his daughter reported and paid a tax upon it. It appears from the record, however, that these taxes were paid

from the income of the liquor business and that the daughter reported them as her own. It appears further that, upon being advised that she ought to protect herself by a claim for refund, she refused to do so. Thus, she had a remedy, and if she did not invoke it, the fault is hers; we are powerless to help her. Furthermore, she is not a party to this proceeding.

Finding no error in the disposition of the case by the Tax Court, the decision is

Affirmed.