Ethel OLINGER, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 15870.

United States Court of Appeals
Fifth Circuit.

June 8, 1956.

Robert J. Hobby, Lester L. May, A. D. Burford, Dallas, Tex., for petitioner.

Charles K. Rice, Lee A. Jackson, Robert N. Anderson, Carolyn R. Just, Asst. Atty. Gen., John Potts Barnes, Chief Counsel, Internal Revenue Service, Rollin H. Transue, Sp. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is by the taxpayer from a decision of the Tax Court, sustaining the commissioner's determination as to deficiencies and penalties. Her counsel concedes that the taxpayer, who conducted her own defense poorly and ineffectively, failed to carry her burden of proof as to the taxes in the original ninety day letter, and the decision should be affirmed as to those deficiencies. He, however, insists that the commissioner has not borne his burden as to the additional deficiency for 1947, pleaded in his amended answer,[1] and as to the fraud penalty for

1. Rule 32 Tax Court Rules of Practice, 26 U.S.C.A. (I.R.C.1954) following section 7453; Helvering v. Terminal R. Ass'n, 8 Cir., 89 F.2d 739; W. H. Weaver, 25 T. C. 1067.

1949, and that the decision should be reversed as to these. It is his position that the question presented by this appeal should be resolved by reference to the burden of proof on each issue and to the fact that each of the parties failed to introduce proof sufficient to sustain his burden.

■ For the reasons to be stated, we agree with these views. The first of these reasons is that, while we cannot permit the failure of the taxpayer, through unwillingness, ineptness or inability to sustain the burden imposed upon her as petitioner, to excuse her from the consequences of that failure, neither can we permit the commissioner to escape the consequences of his failure to sustain his burden.

The second is that, while petitioner's proof is sketchy and unsatisfactory, indeed wholly insufficient, in support of her attack upon the deficiencies, the commissioner's proof on the issues upon which he carries the burden is no better.

■ As pointed out in petitioner's brief, with regard to 1947, this proof consisted merely of showing the purchase of 100 shares of stock on Dec. 20, 1947, for $2900, and the further purchase in 1947 of 200 shares of another stock for $1800. No proof was submitted as to the taxpayer's net worth at the beginning or ending of the period, and the application of the cash expenditure method as here with neither a head nor a tail to it will not do.

With regard to the fraud issue, the commissioner has failed to show, by convincing evidence, that there was unreported income in any of the years and, but for the fact that the burden of proof was on the taxpayer as to the original deficiencies, the commissioner would be hard put to it to sustain a recovery of any amount.

■ One of the best definitions of tax fraud is to be found in Davis v. Commissioner, 10 Cir., 184 F.2d 86, 87, 22 A.L.R.2d 967:

"Fraud implies bad faith, intentional wrongdoing and a sinister motive. It is never imputed or presumed and the courts should not sustain findings of fraud upon circumstances which at the most create only suspicion."

Cf. Mitchell v. Commissioner, 5 Cir., 118 F.2d 308.

■ No sufficient proof supporting, or rather buttressing the claim of deficiency in 1949 was made. The testimony as to the supposed receipt of $7000 in connection with a bond made for Jettie Bass was completely inadequate to show that property of any such value was received at any time. It was certainly inadequate to show receipt of such sum in 1949. Illustrative of the desultory nature of the commissioner's questioning and his proof in general is the entirely meaningless question asked by him, why the taxpayer did not report stock purchases in her income. Such purchases did not have to be reported as income. It is true that the commissioner's notice of deficiency did state that taxpayer's adjusted income for 1949 was $45,000, and that this was based on increased assets in that year, and that, because of taxpayer's failure to sustain her burden to overthrow it, the deficiency assessment, of course, stands up.

■ When it comes, however, to his proof on the issue of fraud, where the burden lay on the commissioner, we think that it fails as proof for lack of evidence of a starting or an ending point. While it is true that the taxpayer's proof and attitude, not only in this matter but in matters where she came in conflict with the Office of Price Administration, was not satisfactory, this did not supply the deficiencies in the commissioner's proof, which, despite his contention here to the contrary, consisted of little more than the fact that he had determined the deficiency claimed. The case on the issues where the burden was on the commissioner was presented and tried too much on the theory, "Give a dog an ill name and hang him".

The decision is accordingly affirmed in part and in part reversed as hereinabove set out