Eugene E. **TEHAN** and Charlotte Tehan, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV- ENUE,** Respondent.

No. 13265.

United States Court of Appeals Seventh Circuit.

Nov. 9, 1961.

Richard D. Hobbet, Martin J. Torphy, Frank C. DeGuire, Milwaukee, Wis., for petitioners; Michael, Best & Friedrich, Milwaukee, Wis., of counsel.

Lee A. Jackson, Chief, Appellate Section, Jerome Fink, Atty., U. S. Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, DUFFY, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a petition to review a Tax Court decision disallowing Taxpayer's claim for refund of an overpayment of income tax for 1948, and determining a deficiency for the year 1949.

Eugene Tehan has been a truck farmer since 1930, selling, to commission houses, brokers, wholesalers, and chain stores, a variety of vegetables and truck produce. He and his wife filed joint income tax returns for 1947, 1948, and 1949. The returns were on a cash receipts and disbursements basis. In 1951 a Deputy Commissioner of Internal Revenue attempted an audit of the returns, but because of the inadequacy of Tehan's business records, proper audit was impossible. The Deputy resorted therefore to the "net worth increase plus non-deductible expenditures method" in reconstructing petioner's income for the three years.

On September 24, 1954, the Commissioner wrote Tehans a thirty day letter, adjusting on a net worth basis the net income figure for 1948 from $12,156.45 to $13,411.94; and for 1949 adjusting the net income figure from minus $4,003.-72 to $16,324.28. He simultaneously as-

sessed deficiencies for 1948 of $265.54 and for 1949 of $1,740.54, and, in addition, negligence penalties [1] of $13.28 for 1948 and $87.03 for 1949.

The Tehan petition in the Tax Court to review the assessments was filed in December, 1950. In the *de novo* proceeding, the Tehans and the Commissioner agreed on all items in a revised net worth statement except "cash on hand and not deposited in banks" and "living costs". The hearing was on these items and was held in October, 1956. In August, 1957, the Tax Court permitted Commissioner to amend his answer, conceding that there was no deficiency for the year 1948, and praying for an increased deficiency for 1949.

The Tax Court, in its original opinion on July 30, 1959, found the Tehans' taxable income for 1948 to be $4,225.91. In subsequent recomputations [2] Tehans claimed an overpayment in 1948, based on the difference between this original finding and $12,156.45 reported by Tehans as their 1948 taxable income. Thereafter, in a supplemental opinion, the Tax Court found that Eugene Tehan on December 31, 1948 and 1949 had cash on hand of $12,030.54, and it substituted that figure for the figure $4,100. The result was to remove the basis of the claim of overpayment. Disallowance of the claim followed.

The Tehans contend that the Tax Court erred in changing the December 31, 1948 cash on hand figure, and that there was no basis in the record on which the alteration could be made.

We see no reason why the Tax Court could not change its original findings, provided the alteration had a substantial evidentiary basis. And we think it is clear that the 1948 income tax return of Taxpayer furnished that basis. The Tehans reported taxable income in 1948 of $7,930.54 more than the $4,225.91 originally found by the Tax Court. The Tax Court added this figure to the original

finding of $4,100 as cash on hand in December, 1948. The result was $12,030.54 which is the final figure of cash on hand determined by the Tax Court as the net worth basis. The evidence showed cash in bank in December, 1947 was $7,409.96 and in December, 1948 was $1.95. Presumably the Tax Court thought that Tehans withdrew the cash from the bank in 1948 and added it to what they had at home.

The Tehans insisted throughout the hearings that their 1948 tax return was correct. There is no claim now that it is incorrect. There is no contention that the original finding of taxable income by the Tax Court was correct. The Complaint is that the Court later decided its finding was erroneous and corrected it. We see no error in the method by which the Court made its final determination of the 1948 cash on hand figure and we cannot say that determination is clearly erroneous.

The Tax Court in its original opinion found, among other things, that the Commissioner's net worth statement correctly stated the item of cash on hand and not in banks, for December 31, 1947, 1948, and 1949. On July 22, 1959, the Commissioner moved to correct an error in the Tax Court's earlier finding of the taxable net income for 1949 of $4,225.91 and to substitute the figure $23,365.76. The ground of the motion was the undisputed representation that a "mechanical error", of a machine, had resulted in stating the same taxable income of $4,225.91 for 1949 as for 1948. The Court allowed the motion and made the corrections on the same day. It recast the figure of taxable income at $27,369.48. On the corrected figure the Court finally determined, August 31, 1960, the deficiency for 1949 at $4,728.70 plus a negligence penalty of $236.44.

Tehans do not contend that they overcame the presumption of correctness in the original deficiency; and the Commissioner concedes that he has the burden of

1. Under § 293(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 293(a).

2. Under Rule 50 of the Tax Court Rules of Practice, 26 U.S.C.A. § 7453.

proving, and that there is no presumption of correctness in favor of, the additional deficiency.

The question is whether the findings are "clearly erroneous, that is whether upon the whole record, there is substantial evidence" to support the additional deficiency determination. Pleason v. Commissioner of Internal Revenue, 7 Cir., 226 F.2d 732, 733 (1955).

Tehan testified that in the years 1947 through 1949 cost of living was "$2,500 to $3,500 a year, I'd say—about $3,000". The Commissioner contended for a figure of $6,000. There was evidence that Taxpayer's three children attended private schools, with tuitions and school expenses ranging from more than $100 to nearly $300. A radio-phonograph was purchased in 1947 for $812.50, home furnishings in 1948 for $1,468.71 and in 1949 for $1,059.35.

These figures disclose a pattern of living under which the Tax Court could have decided it was likely that Tehan was too conservative in his testimony, and the Commissioner too liberal in his claim, of living costs. We cannot say the Tax Court's necessarily "rough approximation", Pleason v. Commissioner of Internal Revenue, 7 Cir., 226 F.2d 732 (1955), of $5,000, based on the testimony and the Court's experience, was clearly erroneous. The rule stated in Olinger v. Commissioner of Internal Revenue, 5 Cir., 234 F.2d 823 (1956), does not militate against this conclusion. The facts there were different from the ones here, and Commissioner's case here is much stronger. The fraud case of Drieborg v. Commissioner of Internal Revenue, 6 Cir., 225 F.2d 216 (1955) states rules which are not useful in this decision.

There was evidence that Tehan withheld in cash substantial amounts from checks given him in sales of produce. He handled expenditures on a cash basis; had cash payrolls of about $55,000 a year; and "always" kept at least $4,000 cash in a box at home for wages. There was $28,408.85 "cash on hand and in banks" on December 31, 1946, and $11,-509.96 on December 31, 1947. There was $9,308.85 cash in the bank for 1946, $7,409.96 for 1947, $1.95 for 1948, and $157.68 for 1949. The Tax Court, having decided that there was $12,032.49 cash on hand as of December 31, 1948, went on to decide that therefore it was probable that Taxpayer had at least the same amount on hand as of December 31, 1949. We think the Tax Court had a substantial evidentiary basis for its conclusion and we cannot say the conclusion is clearly erroneous. Pleason v. Commissioner of Internal Revenue, 7 Cir., 226 F.2d 732, 734 (1955).

For reasons given, the decision of the Tax Court is affirmed.