James J. DONOHUE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 14150.

United States Court of Appeals
Seventh Circuit.

Oct. 1, 1963.

Sydney M. Eisenberg, Milwaukee, Wis., Andrew F. Slaby, Milwaukee, Wis., for petitioner-appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Alan D. Pekelner, Attorney, U. S. Department of Justice, Tax Division, Washington, D. C., Lee A. Jackson, Melva M. Graney, Burton Berkley, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal by taxpayer [1] from a judgment of the Tax Court confirming Commissioner's determination of a deficiency in taxpayer's income tax for the year 1954.

Because the records of taxpayer's tavern business did not "clearly reflect income," Commissioner used a mark-up method in determining a deficiency for 1954.[2] It is undisputed that taxpayer's 1954 income tax return did not include as gross income the $8,392.23 embezzled from taxpayer's tavern business in that year by John Bittner, his accountant who had been given complete control over the financial matters of the business, and that the embezzlement was not discovered by taxpayer until 1958.

The decisive issue is whether the embezzled money was taxable to taxpayer in 1954, as the Tax Court found, even though he did not then know of the embezzlement by his accountant.

Taxpayer relies upon James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961), to support his argument that Bittner, and not the taxpayer, should be taxed upon the embezzled funds. The James case is authority for taxpayer's argument that the embezzled money was taxable to Bittner, but not authority for the conclusion that therefore the Tax Court's judgment against taxpayer must fall.

Taxpayer also relies upon Alsop v. Commissioner of Internal Revenue, 290 F.2d 726 (2d Cir. 1960). In Alsop the embezzled funds were never credited to the taxpayer's account, nor used for taxpayer's benefit. Here the bartender received the money, deposited it in taxpayer's cash register, and used it in taxpayer's business before the embezzlement. Taxpayer was given a definite economic benefit from the receipt of the money prior to its embezzlement. Also, the taxpayer in Alsop reported the embezzlements as losses for the years in which they were discovered, but had never reported as income the amounts embezzled. Here the issue is simply whether the moneys embezzled were income to the taxpayer in the year of receipt. These considerations distinguish Alsop.

We hold that the Tax Court did not err in deciding that the moneys embezzled by Bittner in 1954 were income to the taxpayer in that year.[3]

The Tax Court found that the amount of additional and unreported gross income from the tavern business was "at least" $8,392.23, the deficiency assessed by the Commissioner. This finding is unchallenged. The finding was made by comparing that amount calculated by the Commissioner under the mark-up method with the sum of $7,800.00, admittedly embezzled, plus other amounts "unlawfully charged" by Bittner to the taxpayer. We think this rough approximation of the extent of Bittner's defalcation is sufficient to establish the additional income for 1954. Tehan v. Com-

---

1. "Taxpayer," as used in this opinion, refers to James J. Donohue and Helen Donohue who filed a joint return in 1954.

2. Pursuant to § 446 of the 1954 Internal Revenue Code.

3. See Sowell v. Commissioner of Internal Revenue, 302 F.2d 177 (5th Cir. 1962).

missioner of Internal Revenue, 295 F.2d 895 (7th Cir. 1961). In this court the respondent conceded that the fund embezzled should be reduced by the $750.00 received by taxpayer from Bittner in 1958. The deficiency is therefore reduced by that amount and the Tax Court's decision as modified is affirmed.

The Tax Court's judgment is affirmed as reduced.