**UNITED STATES of America,**
**Plaintiff-Appellee,**
**v.**
**Matthew J. SIANO, Defendant-Appellant.**
**No. 251, Docket 30013.**

United States Court of Appeals
Second Circuit.

Argued Feb. 28, 1966.

Decided Feb. 28, 1966.

Matthew J. Siano, pro se.

Laurence Vogel, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, and Arthur S. Olick, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, KAUFMAN, Circuit Judge, and FEINBERG, District Judge.*

PER CURIAM:

We affirm in open court the decision of the United States District Court for the Southern District of New York which held appellant liable for $107,963.92 in income taxes for the years 1953–1956 inclusive.

In 1957, Siano pleaded guilty to having embezzled over $160,000 during the years 1949 through 1956. He was sentenced to a term of seven and one-half to fifteen years in prison. Siano never reported the money received from his embezzlement as income and on August 25, 1961 the Commissioner of Internal Revenue made assessments against Siano for income taxes due, which assessments form the basis of this suit. The government originally sought to collect $176,329.70 in unpaid income taxes. Thereafter, however, it amended its complaint by striking assessments for the years 1949–1952, inclusive, which are barred by the statute of limitations, and by striking fraud penalties for the years 1953–1956, inclusive.

In James v. United States, 366 U. S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961), the Supreme Court expressly overruled its prior decision in Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946) and held that embezzled money constitutes taxable income to the embezzler. Siano argues that because the Supreme Court held in James that there

* Sitting by designation.

could be no conviction for the crime of wilfully attempting to evade income taxes (26 U.S.C. § 7201) during the period prior to the James decision since wilfulness could not be proven as long as Wilcox was law, 366 U.S. at 221, 222, 81 S.Ct. 1052, the Commissioner can assert no deficiencies in income tax against those who failed to report the receipt of embezzled monies as income during the period prior to James.

We agree with the view taken by other circuits that money which was embezzled prior to the James decision constitutes taxable income to the embezzler. Estate of Geiger v. Commissioner of Internal Rev., 352 F.2d 221 (8 Cir. 1965), cert. denied, 86 S.Ct. 620, January 25, 1966; Estate of Adame v. Commissioner of Internal Revenue, 320 F.2d 811, 814 (5 Cir. 1963); Donohue v. Commissioner of Internal Revenue, 323 F.2d 651, 652 (7 Cir. 1963) (dictum), cert. denied, 376 U.S. 911, 84 S.Ct. 667, 11 L.Ed.2d 609 (1964); United States v. Goldberg, 330 F.2d 30, 39 (3 Cir. 1964) (dictum), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964).