Roger J. Hill v. Commissioner.
Hill v. Commissioner
Docket No. 292-65.
United States Tax Court
T.C. Memo 1970-199; 1970 Tax Ct. Memo LEXIS 159; 29 T.C.M. (CCH) 886; T.C.M. (RIA) 70199; July 16, 1970, Filed Joel Gerber, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1959 in the amount of $11,360 and additions to tax under section 6651(a), Internal Revenue Code of 1954, [1] of $2,746.33 and under section 6653(a) of $549.27. This case was continued on petitioner's motion filed October 2, 1969. After adequate notice, it was again set for trial on May 25, 1970, at Boston, Massachusetts. *160 Petitioner failed to appear on that date. Another notice was sent to petitioner on May 25, 1970, setting the case for trial on June 8, 1970, at Boston. Again there was no appearance by or on behalf of petitioner. The Court then directed respondent's counsel to present his evidence. Respondent conceded (1) that petitioner is not subject to the addition to tax under section 6651(a); (2) that petitioner did report $3,100 in wages received from Currency Services, Inc., in 1959; (3) that petitioner and his wife, Joan, filed a joint Federal income tax return for the year 1959; and (4) that petitioner is entitled to three $600 exemptions for 1959. Findings of Fact Roger J. Hill (herein called petitioner) was incarcerated in the New Jersey State Prison at Trenton, New Jersey, at the time he filed his original petition and amended petition in this proceeding. He now resides in Bryant Pond, Maine. Petitioner and his wife, Joan, filed on March 17, 1960, a joint Federal income tax return for the year 1959 with the district director of internal revenue at Reno, Nevada. During the taxable year 1959 the petitioner was manager of the Control Department of Currency Services, Inc. He embezzled *161 substantial funds (about $55,427.82) from Currency Services, Inc., in 1959 by dishonestly issuing company money orders and converting them to cash. The corporation recovered on its insurance the sum of $25,000 from the Aetna Insurance Company. The net amount of the embezzled funds was at least $25,000, no part of which was reported as taxable income on the petitioner's Federal income tax return for the year 1959. Petitioner was indicted and convicted on August 31, 1961, of embezzlement in the County Court of Hudson County, New Jersey. In his notice of deficiency dated November 5, 1964, respondent determined that petitioner received additional income of $25,000 in 1959 as a result of his embezzlement. Opinion In James v. United States, 366 U.S. 213 (1961), the Supreme Court overruled its prior decision in Commissioner v. Wilcox, 327 U.S. 404 (1946), and held that embezzled money constitutes taxable income to the embezzler. Although this petitioner's embezzlement occurred in 1959, which was subsequent to Wilcox and prior to James, it is clear that any embezzlement which occurred between the dates of those cases constitutes taxable income to the embezzler *162 for Federal income tax purposes. See United States v. Siano, 356 F. 2d 927 (C.A. 2, 1966); Estate of Geiger v. Commissioner, 887 352 F. 2d 221 (C.A. 8, 1965); and Estate of Adame v. Commissioner, 320 F. 2d 811 (C.A. 5, 1963). Accordingly, we hold that the amount of $25,000 was properly included by respondent in petitioner's taxable income for the year 1959. Since the petitioner reported on his income tax return $3,100 as income received in 1959, he understated his income in that year by $25,000, which is in excess of 25 percent of the amount of gross income stated in the return. Therefore, the six-year statute of limitations with respect to assessment is applicable. See section 6501(e). Respondent's notice of deficiency was timely mailed to the petitioner within such period. We also hold that the petitioner is liable for the addition to tax for negligence under section 6653(a). To reflect the concessions made by respondent and the conclusions reached herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩