T.C. Summary Opinion 2007-31

UNITED STATES TAX COURT

HECTOR PROWSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17121-05S.          Filed March 1, 2007.

Hector Prowse, pro se.

<u>Marc L. Caine</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years at
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies of $3,175.85 and $3,554, respectively, in petitioner's Federal income taxes for the years 2002 and 2003, an addition to tax under section 6651(a)(1) for the year 2002 in the amount of $511.71, an additional tax under section 72(t) in the amount of $107.85 for the year 2002, a liability of $2,505 for self-employment tax under section 1401(a) for the year 2003, and a negligence penalty under section 6662(a) for both years.

In a trial memorandum, respondent notes that, prior to trial, respondent conceded a capital gain loss of $9,405 for the year 2002 that had been disallowed in the notice of deficiency, and, therefore, petitioner is entitled to a capital loss deduction of $3,000 for 2002 and a carryover capital loss deduction of $3,000 to 2003. As a result of this concession, the deficiencies, the addition to tax, and the penalties were reduced to the following amounts:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662 |
|------|-----------|----------------------------------|-------------------|
| 2002 | $1,316 | $100 | $263 |
| 2003 | 3,138 | -- | 628 |

Subsequent to these concessions, respondent filed an answer alleging that petitioner is liable for the fraud penalty under

section 6663(a) for the years 2002 and 2003 in the amounts of $987 and $2,354, respectively.[2]

After concessions, the issues for decision are:  (1) Whether for 2002 and 2003 petitioner is entitled to deductions for various expenses on Schedules A, Itemized Deductions; (2) whether for 2002 and 2003 petitioner is liable for the civil fraud penalty under section 6663 or, in the alternative, the accuracy-related penalty under section 6662(a); and (3) whether for 2002 petitioner is liable for the late-filing addition to tax under section 6651(a)(1).[3]

---

[2] Respondent's apparent motivation for asserting fraud was prompted by this Court's holding in Prowse v. Commissioner, T.C. Memo. 2006-120, that petitioner was liable for the sec. 6663(a) fraud penalty for the year 2001.  Sec. 6663(b) provides that, if any portion of an underpayment is attributable to fraud, the entire underpayment shall be deemed to be attributable to fraud except as to the portion the taxpayer establishes is not due to fraud.  Thus, a finding of fraud preempts or trumps the negligence penalty of sec. 6662(a) determined in the notice of deficiency.  See sec. 6662(b).

[3] Two adjustments in the notice of deficiency were not addressed at trial and are, therefore, deemed conceded.  One of these adjustments relates to $1,078.57 petitioner received during 2002 that he reported as dividend income on his 2002 return.  In the notice of deficiency, respondent determined that the $1,078.57 was not a dividend but was a distribution from a qualified plan as defined in sec. 4974(c), and, therefore, petitioner is liable for the 10-percent additional tax under sec. 72(t).  The second adjustment that is also deemed conceded relates to a $17,725.50 payment petitioner received during 2003 pursuant to a Form 1099-MISC, Miscellaneous Income, from SCI Engineering & Surveying, P.C., for nonemployee compensation. Respondent determined that petitioner is liable for self-employment tax on that distribution under sec. 1401 with a corresponding deduction for one-half of that tax under sec.

(continued...)

<u>Background</u>

Some of the facts and exhibits were stipulated, and those facts are so found. At the time the petition was filed, petitioner was a legal resident of Middle Village, New York.[4]

From May 21, 2001, until January 11, 2002, petitioner was employed as a mechanical HVAC engineer for KeySpan Engineering Associates (KeySpan Associates). In that capacity, petitioner worked on several design projects in the office. After petitioner left KeySpan Associates on January 11, 2002,

_____

[3](...continued)
164(f). A witness from the payor testified at trial regarding this payment, and the Court is satisfied that respondent correctly determined the payment to be self-employment income, which petitioner reported on his return. Petitioner, however, presented no evidence challenging the determination that petitioner is liable for self-employment tax on the distribution; consequently, the Court deems that issue as conceded.

[4] Sec. 7491(a) generally shifts the burden of proof to the Commissioner with regard to any factual issue relevant to ascertaining the taxpayer's liability. Sec. 7491(a)(2) limits this rule only with respect to issues to which the taxpayer has complied with the requirements for substantiation of any item, has maintained all records with respect to such items, and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, and interviews, etc., regarding the matters at issue. Since petitioner did not cooperate with respondent in providing records to substantiate the items on his return, the burden of proof does not shift. However, as to fraud under sec. 6663(a), sec. 6663(b) provides that, with respect to any portion of an underpayment that is attributable to fraud, the entire underpayment is treated as attributable to fraud except for any portion of the underpayment that the taxpayer establishes is not attributable to fraud. Sec. 7454(a) provides that, in any proceeding involving fraud, the burden of proof as to such issue is upon the Secretary. Thus, the burden of proof on the fraud issue in this case is on respondent.

petitioner thereafter received unemployment compensation from the State of New York.

In 2003, petitioner was a contract employee working on behalf of SCI Engineering and Surveying, P.C. In that capacity, petitioner worked as a cost estimator for projects related to the U.S. Customs Building in Newark, New Jersey.

On or about June 24, 2004, petitioner filed his Federal income tax return for the 2002 tax year. On the return, petitioner reported wages of $8,001.92, taxable interest of $520.22, ordinary dividends of $1,078.57, and unemployment compensation of $13,525. His adjusted gross income was $23,126.

On Schedule A of the 2002 return, petitioner claimed itemized deductions of $16,522, consisting of:

| | | |
|---|---|---|
| Medical and dental expenses | $3,853 | |
| Deductible portion | | $ 2,119 |
| State and local income taxes | | 416 |
| Charitable gifts | | 1,910 |
| Job expenses | | 12,077 |
| Total | | $16,522 |

With respect to the $3,853 claimed as medical and dental expenses on the 2002 return, petitioner included a statement with his return which listed the $3,853 claimed as medical and dental expenses as follows:

Medical and Dental

| | |
|---|---:|
| Dr. Rogers Miles Rose | $  475 |
| Ambulance transportation | 109 |
| Elmhurst Hospital | 204 |
| Medicines | 225 |
| Orthopaedic & Sports Association | 330 |
| Dr. Fred D. Cushner | 140 |
| Dr. Ambrose Pipia | 180 |
| Laboratory services | 115 |
| Dr. Guillermo Davila (dentist) | 1,075 |
| Southshore Opticians (eyeglasses) | 450 |
| Transportation | 220 |
| Total (all expenses) | $3,523 |

Thus, petitioner's medical expenses totaled $3,523; yet, he claimed $3,853 on his return for 2002.  This discrepancy was not brought up at trial and appears to be a computational error resulting in a claim for medical expenses of $330 in excess of the numbers presented to the Court.  No explanation was provided at trial with respect to this discrepancy, nor did respondent move to reduce the claimed amount to $3,523.

On or about June 15, 2004, petitioner filed his income tax return for 2003.[5]  He reported adjusted gross income in the amount of $18,360.  On the return, petitioner reported wages of $17,725.50 and taxable interest income of $634.74. Petitioner also attached to the return a Form 1099-MISC, Miscellaneous

_____

[5] Although the 2003 tax return was filed late, respondent did not determine the sec. 6651(a)(1) addition to tax as to that year, presumably because petitioner's 1999, 2000, and 2001 returns were under audit at the time the 2003 return was filed, and petitioner attached a note to the return noting that.

Income, issued by SCI Engineering, for nonemployee compensation of $17,725.50.

On Schedule A of the 2003 return, petitioner claimed itemized deductions of $18,700, consisting of the following:

| | | |
|---|---|---|
| Medical and dental expenses | $2,335 | |
| Deductible portion | | $ 958 |
| Charitable gifts | | 1,443 |
| Job expenses | | 16,299 |
| Total | | $18,700 |

To substantiate his claimed medical and dental expenses, petitioner attached to his 2002 and 2003 returns various receipts purporting to show various medical and dental expenses. All of the receipts reflected cash payments.

Petitioner claimed an itemized deduction on his 2002 tax return for State and local taxes in the amount of $416. The amount was derived from petitioner's Form W-2, Wage and Tax Statement, for 2002.

During 2002, petitioner received a distribution from Donaldson Lufkin & Jenrette in the amount of $1,078.57. Petitioner attached a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to his 2002 tax return. Petitioner, however, reported this income as dividend income on Schedule B, Interest and Ordinary Dividends, of his return.

Petitioner claimed itemized deductions for job expenses and other miscellaneous items in the amounts of $12,077 and $16,299, respectively, on his 2002 and 2003 tax returns.

For the 2002 deduction, the $12,077 claimed was based on Schedule A of the return, Job Expenses and Most Other Miscellaneous Deductions, and comprised the following:

| | |
|---|---|
| Unreimbursed employee expenses | $11,270 |
| Tax preparation fees | 200 |
| Other expenses | 1,070 |
| Total | $12,540 |
| Less sec. 67(a) 2-percent limitation | (463) |
| Deduction claimed | $12,077 |

The $11,270 for unreimbursed employee expenses consisted of the following:

| | |
|---|---|
| Architectural & engineering plans for bid on new project | $10,585 |
| Parking, tolls, & transportation | 135 |
| Lead & asbestos licenses | 440 |
| Meals & travel expenses | 110 |
| Total | $11,270 |

The $1,070 for other expenses consisted of the following:

| | |
|---|---|
| Job search | $  300 |
| Telephone calls and faxes | 250 |
| Printing resumes | 50 |
| Traveling to interviews | 350 |
| Mail box and safe deposit box rents | 120 |
| Total | $1,070 |

As to the 2003 deduction, the $16,299 claimed for Job Expenses and Most Other Miscellaneous Deductions was derived as follows on Schedule A of the return:

| | |
|---|---:|
| Unreimbursed employee expenses | $13,397 |
| Tax preparation fees | 100 |
| Other expenses | 2,435 |
| Total | $15,932 |
| Less sec. 67(a) 2-percent limitation | (367) |
| Deductible amount[1] | $15,565 |

[1]Petitioner appears to have made a mathematical error because he claimed $16,299 as a deduction on his return, and, since the $734 discrepancy was not addressed at trial, it appears to the Court that the correct mathematical computation is $15,565 and not the $16,299 claimed on Schedule A of petitioner's return.

The $13,397 in unreimbursed employee expenses consisted of:

| | |
|---|---:|
| Vehicle expenses | $13,140 |
| Parking fees, tolls, etc. | 140 |
| Meals and entertainment | 117 |
| Total | $13,397 |

The other expenses of $2,435 consisted of:

| | |
|---|---:|
| Job search | $ 300 |
| Faxes, telephone calls, etc. | 250 |
| Printing resumes | 50 |
| Traveling for interviews | 400 |
| Safety glasses, tools, work gloves, etc. | 1,435 |
| Total | $2,435 |

The charitable gifts claimed on Schedules A of petitioner's 2002 and 2003 tax returns consisted of cash gifts to a church and noncash contributions of property to the Salvation Army. With respect to the cash gifts, petitioner's Schedules A for both

years showed cash contributions to a church of $10 per week for a total of $460 and $480 for 2002 and 2003, respectively. With respect to the noncash contributions, petitioner attached receipts to his 2002 and 2003 tax returns from the Salvation Army dated December 30, 2002, and November 23, 2003, respectively. The receipts listed the items of donated property, assigned a value to each item, and a total for the contribution. For 2002, the total was $2,900, and, for 2003, the total was $1,925. The 2002 receipt showed that the contribution was received by "Isabel Lopez" and the 2003 receipt showed that the contribution was received by "Patricia Rojas". Both receipts were from the Salvation Army at Astoria, New York.

Petitioner did not attach to his 2002 and 2003 returns any substantiation of his cash gifts to the church, nor did he substantiate the gifts during the examination of his returns.

Respondent examined petitioner's 2002 and 2003 tax returns as a result of respondent's audit of petitioner's 2001 return. Respondent determined fraud under section 6663 for the 2001 tax year based on the determination that petitioner overstated his Schedule A itemized deductions and falsified documentation to substantiate the claimed deductions. A petition was filed with this Court, and the Court held in Prowse v. Commissioner, T.C. Memo. 2006-120, that petitioner was liable for an increased deficiency as well as the civil fraud penalty based on the

Court's finding that petitioner fraudulently claimed Schedule A itemized deductions on his 2001 Federal income tax return.

While the case in Prowse v. Commissioner, supra, was pending, respondent issued the statutory notice of deficiency, upon which this case is based, determining that petitioner was not entitled to any of the claimed itemized Schedules A deductions on his 2002 and 2003 tax returns.

Following this Court's opinion involving petitioner's 2001 tax year and the finding of fraud under section 6663 for that year, supra note 2, respondent moved in this case to impose the section 6663 fraud penalty against petitioner for the 2002 and 2003 tax years. In the alternative, respondent asserted an accuracy-related penalty for both years.

Schedule A Deductions

For the 2 years at issue, petitioner claimed on his income tax returns deductions on Schedules A. For the year 2002, the deductions claimed were:

| | |
|---|---|
| Medical and dental expenses | $ 2,119 |
| Taxes | 416 |
| Charitable gifts | 1,910 |
| Job expenses and other miscellaneous expenses | 12,077 |
| Total | $16,522 |

For the year 2003, the claimed deductions were:

| | |
|---|---|
| Medical and dental expenses | $958 |
| Charitable gifts | 1,443 |
| Job expenses and other miscellaneous expenses | 18,700 |
| Total | $21,101 |

In the notice of deficiency, respondent disallowed some of these expenses and, by motion, asserted that petitioner was liable for fraud under section 6663(a) with respect to some of the claimed deductions.

Section 213(a) allows a taxpayer who itemizes his or her deductions to deduct, among other expenses, medical and dental expenses to the extent such expenses exceed 7.5 percent of adjusted gross income. In this case, petitioner claimed itemized deductions for medical and dental expenses in the amounts of $2,119 and $958 for 2002 and 2003, respectively. Petitioner attached receipts to his returns in substantiation of these expenses. Respondent determined that the documentation petitioner submitted for these expenses was falsified and disallowed all of petitioner's claimed Schedule A deductions.

At trial, respondent presented several witnesses, including doctors who petitioner claimed had provided services. These doctors testified that no medical services had been provided by them to petitioner during the years at issue and that the receipts petitioner relied on were for services provided to him in prior years that had been altered to reflect dates in 2002 and 2003.

The Court notes that the receipts offered into evidence are virtually identical to those provided in substantiation of claimed expenses on petitioner's 2001 Federal income tax return, except for altered dates and slight changes in dollar amounts. The Court found, in Prowse v. Commissioner, supra, that the 2001 claimed receipts were "falsified, and some, if not all, of the signatures shown on the documents were forged." The Court held, therefore, that none of the documents substantiated any of petitioner's claimed medical expenses for 2001. Likewise, the Court, in this case, holds that none of the receipts in this case for 2002 and 2003 substantiate or establish petitioner's claimed medical and dental expenses for the years at issue. The documentation in support of these claimed expenses is also held to be false. Accordingly, the Court sustains respondent's disallowance of petitioner's claimed medical and dental expenses.

Petitioner claimed an itemized deduction on his 2002 tax return of $416 for State and local income taxes based on the amounts reported on petitioner's 2002 Form W-2 issued by KeySpan Associates. Respondent conceded that, if petitioner's allowed itemized deductions are greater than the standard deduction, petitioner is entitled to a deduction for the State and local taxes paid for 2002.

Section 170(a)(1) authorizes a taxpayer to claim a deduction for any charitable contribution during the tax year. Petitioner

claimed charitable contribution deductions on Schedules A of his 2002 and 2003 tax returns for cash gifts to a church and noncash gifts. The only documentation produced were two receipts for 2002 and 2003 from the Salvation Army regarding the noncash contributions.

At trial, respondent challenged the authenticity of both Salvation Army receipts. A Salvation Army representative credibly testified that the Salvation Army did not issue, prepare, or utilize the itemized receipts petitioner presented in substantiation of the contributions on petitioner's 2002 and 2003 Federal income tax returns.[6] Petitioner offered no explanation or other evidence to challenge this testimony. Additionally, petitioner did not testify or otherwise substantiate his claimed cash contributions to a church. Consequently, there is no credible evidence to support petitioner's claimed charitable contributions for the 2 years at issue. Accordingly, respondent's determination on this issue with respect to petitioner's 2002 and 2003 tax years is sustained.

Section 162(a) authorizes a taxpayer to deduct ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. An "ordinary" expense

---

[6] The Salvation Army witness testified that the receipt forms presented by petitioner were not used by the Salvation Army during the years at issue due to revisions in the forms that were required by changes in the Internal Revenue Code.

is one incurred in a transaction that frequently or commonly occurs in the type of business involved. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). A "necessary" expense is one that is "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). Expenses allowable under section 162 must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Personal, living, and family expenses are not deductible. Sec. 262(a).

An employee is generally recognized as being in the trade or business of being an employee and may deduct employment-related expenses if the requirements of section 162 are met. Commissioner v. Flowers, 326 U.S. 465 (1946). However, "A trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from his or her employer for an expenditure related to his or her status as an employee." Lucas v. Commissioner, 79 T.C. 1, 7 (1982). If an employee could have requested reimbursement from his employer and fails or neglects to do so, he may not claim a deduction for the expenses under section 162. Id.; see also Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972).

Petitioner claimed deductions for unreimbursed employee business expenses totaling $11,270 and $13,397 for 2002 and 2003, respectively.  Petitioner attached some documentation of these expenses for both years.  However, respondent demonstrated to the Court's satisfaction that the documentation did not reflect that petitioner incurred such expenses.

In that regard, petitioner reported traveling 36,600 miles during 2002 and deducted expenses based on that mileage. Respondent established that petitioner's employers did not expect or require petitioner to travel as part of his job.  Moreover, respondent also demonstrated at trial that both of petitioner's employers had reimbursement plans to cover legitimate employee business expenses during 2002 and 2003.  Petitioner did not present at trial or on brief a plausible explanation for the mileage claimed.  The complete lack of credible evidence to substantiate petitioner's claimed employee expenses and respondent's presentation convinces the Court that the unreimbursed employee business expenses were properly disallowed.

As to the other miscellaneous expenses claimed on Schedules A of petitioner's 2002 and 2003 returns such as tax preparation fees, job search expenses, traveling expenses, and annual fees for a safety deposit box, petitioner failed to substantiate these expenses as required by section 6001 and related regulations. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  Consequently,

the Court sustains respondent's determination disallowing these expenses.

## Section 6663 Penalty

The next issue is whether petitioner is liable for fraud under section 6663(a) for the years at issue. Generally, in any case involving the issue of fraud with intent to evade tax, the burden of proof is on the Commissioner. Sec. 7454(a); Rule 142(b); see supra note 4.

Respondent has the burden of proving by clear and convincing evidence that (1) petitioner underpaid his tax for each year at issue, and (2) some part of the underpayment was due to fraud. Sec. 6663(a); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). Fraud means actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. Candela v. United States, 635 F.2d 1272 (7th Cir. 1980); Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939); Wilson v. Commissioner, 76 T.C. 623, 634 (1981). The Commissioner must show that the taxpayer intended to evade taxes by conduct calculated to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, supra; Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980).

Fraud is a question of fact that must be considered based on an examination of the entire record and the taxpayer's entire course of conduct. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); Recklitis v. Commissioner, 91 T.C. 874, 909-910 (1988); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraud is never presumed and must be established by independent evidence of fraudulent intent. Petzoldt v. Commissioner, supra at 699; Recklitis v. Commissioner, supra at 909-910. Fraud is never imputed or presumed, and courts will not sustain fraud on circumstances that at most create only suspicion. Olinger v. Commissioner, 234 F.2d 823, 824 (5th Cir. 1956), affg. in part and revg. in part T.C. Memo. 1955-9; Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950); Green v. Commissioner, 66 T.C. 538, 550 (1976). Mere suspicion does not prove fraud, and the fact that the Court does not find the taxpayer's testimony wholly credible is not sufficient to establish fraud. Cirillo v. Commissioner, 314 F.2d 478, 482 (3d Cir. 1963), affg. in part and revg. in part T.C. Memo. 1961-192; Shaw v. Commissioner, 27 T.C. 561, 569-570 (1956), affd. 252 F.2d 681 (6th Cir. 1958).

Although mere suspicion is not enough, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the facts because direct evidence is rarely available. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Petzoldt v. Commissioner, supra at 699;

DelVecchio v. Commissioner, T.C. Memo. 2001-130, affd. 37 Fed. Appx. 979 (11th Cir. 2002).

Circumstantial evidence that may give rise to a finding of fraud includes:  (1) Understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) providing implausible or inconsistent explanations of behavior; (5) concealment of assets; (6) failure to cooperate with taxing authorities; (7) filing false Forms W-4, Employee's Withholding Allowance Certificate; (8) failure to make estimated tax payments; (9) dealing in cash; (10) engaging in illegal activity; (11) attempting to conceal illegal activity; (12) engaging in a pattern of behavior that indicates an intent to mislead; and (13) filing false documents.  Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992); Christians v. Commissioner, T.C. Memo. 2003-130.  However, these "badges of fraud" are not exclusive.  Niedringhaus v. Commissioner, supra at 211; Miller v. Commissioner, 94 T.C. 316, 334 (1990). Additionally, the taxpayer's background may be examined to establish fraud.  Spies v. United States, 317 U.S. 492, 497 (1943); Niedringhaus v. Commissioner; supra at 211; Walters v. Commissioner, T.C. Memo. 1995-543.  A consistent pattern of understating income may be strong evidence of fraud.  Delvecchio v. Commissioner, supra (citing Holland v. United States, 348 U.S.

121, 137 (1954)); Camien v. Commissioner, 420 F.2d 283, 287 (8th
Cir. 1970), affg. T.C. Memo. 1968-12.

Respondent contends that the following badges of fraud exist
in this case: (1) Inadequate records; (2) implausible or
inconsistent explanations; (3) a pattern of behavior indicating
an intent to mislead; and (4) filing false documents. On brief,
petitioner presented frivolous and irrelevant arguments as to the
credibility of the various witnesses, ignoring the documentation
and receipts at issue. The Court agrees with respondent.

The record establishes without a doubt that petitioner
maintained and presented inadequate and false records with
respect to the deductions claimed on his 2002 and 2003 returns.
Respondent clearly and convincingly showed, through the use of
credible witnesses, that a substantial number of documents
attached to petitioner's 2002 and 2003 returns in an effort to
establish the propriety of his deductions for both years were
forged or falsified. Moreover, the documents presented for this
case are strikingly similar to those submitted to substantiate
petitioner's claimed 2001 deductions in Prowse v. Commissioner,
T.C. Memo. 2006-120, and which the Court likewise found were
altered. Several professionals, such as doctors, testified at
trial that, while they had provided services to petitioner in
prior years, they had not provided services to petitioner as
purportedly claimed on the receipts that were submitted to the

Court for the years at issue in this case.  That testimony was corroborated by persons who maintained the books and records, including billings for services rendered.  At trial, petitioner admitted to fabricating a receipt for his 2002 return by reusing a doctor's form that had been used for his 2001 tax return.  In an attempt to mislead respondent and the Court, petitioner went to great lengths to provide a variety of implausible and unconvincing arguments regarding the receipts at issue.

The totality of the evidence clearly and convincingly establishes to the Court's satisfaction that petitioner deliberately overstated his deductions for 2002 and 2003 and falsified documents supporting the overstated and unsubstantiated deductions to mislead respondent and to evade his proper income tax liability for 2002 and 2003.

Respondent determined that petitioner's actions constituted fraud, and the Court sustains that determination.  Therefore, petitioner is liable for the section 6663(a) penalties for 2002 and 2003.[7]

Section 6651 Addition to Tax

Section 6651(a)(1) provides for an addition to tax for failure to file timely Federal income tax returns unless the taxpayer shows that such failure was due to reasonable cause and

---

[7] Accordingly, there is no need to address respondent's alternative argument that petitioner is liable for the accuracy-related penalty under sec. 6662(a) for both years.

not willful neglect.  <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985); <u>Davis v. Commissioner</u>, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).  Under section 7491, the Secretary has the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or any additional amount under that title of the Internal Revenue Code.

Petitioner's 2002 Federal income tax return was due to be filed on April 15, 2003.  It was filed on June 24, 2004. Petitioner did not advance any reason for his failure to file the income tax return for that year timely.  Accordingly, petitioner is liable for the addition to tax under section 6651(a) for 2002.

Reviewed and adopted as the report of the Small Tax Case Division.


<u>Decision will be entered</u>

<u>under Rule 155.</u>